**UNITED STATES v. RICHMOND.**

Civ. A. No. 621.

United States District Court
W. D. Kentucky, at Paducah.

June 26, 1953.

David C. Walls, U. S. Atty., and Norris W. Reigler, Asst. U. S. Atty., Louisville, Ky., for plaintiff.

Mahlon R. Shelbourne, Paducah, Ky., and Harry Roberts, Jr., Clinton, Ky., for defendant.

SHELBOURNE, Chief Judge.

The United States instituted this action February 16, 1952. In its complaint, it seeks to recover $794, alleged property damage to an automobile operated by John V. Coulter, Special Agent for the Federal Bureau of Investigation, incurred on July 9, 1951, on U. S. Highway 60 near LaCenter in Ballard County, Kentucky, when the automobile came in collision with a tractor and combine operated by the defendant.

Defendant filed his answer and counterclaim, denying all of the allegations of the complaint with respect to the alleged negligent operation by defendant of the tractor and combine and presenting by counterclaim against the plaintiff defendant's claim for $264, alleged damage incurred by the tractor and combine and $2,500 pain and suffering on account of personal injuries sustained in the collision.

The case was tried to the Court without a jury October 29, 1952.

The Court makes the following—

### Findings of Fact

1. July 9, 1951, John V. Coulter, Special Agent of the Federal Bureau of Investigation, in charge of and driving a 1947 Pontiac automobile owned by the United States of America, was traveling westwardly from Paducah toward LaCenter on U. S. Highway 60, about two o'clock P.M.

2. It was raining and the pavement on U. S. Highway 60 was wet and slippery, because of mud or earth upon the wet highway. About one and a half miles east of

LaCenter, Coulter was driving the automobile at about 60 miles an hour, when he discovered the defendant approximately 100 yards distant from him driving a Farmall International tractor to which there was attached a combine being towed and traveling eastwardly at approximately 10 miles an hour.

3. Although the location of the tractor on the highway is in dispute, the Court finds from the evidence that the tractor was being driven with its left wheel across the center line of the highway to its driver's left. When the Pontiac was approximately 100 feet distant from the tractor, Coulter realized the danger of an impending collision and attempted to apply the brakes. In pulling to his right, his front wheels went off the paved portion of the highway and when he attempted to return his right wheels to the highway, due to the excessive speed at which he was traveling, he lost control of his automobile and it skidded into the rear or left rear wheel of the tractor overturning the tractor in its driver's right lane of the highway and causing the Pontiac to spin completely around and to travel a distance of approximately 70 feet westwardly from the point of contact, with its front end pointing in the direction from which Coulter had come and coming to rest 10 or 15 feet off the highway and across the highway ditch.

4. The Pontiac automobile had a reasonable market value prior to the collision of approximately $800 and after the accident, a market value of approximately $200, so that the damage sustained by the Pontiac was $600.

The tractor of the defendant Richmond had a reasonable market value prior to the accident of approximately $400 and a reasonable market value after the accident of $100.

Defendant Richmond was injured on his head and neck, suffering a brain concussion for which he was hospitalized two days and was unable to work for approximately one week. He endured, on account of the injuries sustained, considerable pain and suffering.

5. The Pontiac car struck the tractor wheel at about the center of its front. The combine was attached to the tractor so that the left wheels of the tractor and combine "tracked" when the left wheel of the combine followed in the track of the left tractor wheel.

The paved portion of the highway was 18 feet 2 inches in width and the shoulders or berm on each side consisted of gravel mixed with earth extended a distance of approximately 3 feet where the highway sloped off to the side ditches. The tractor was 8 feet wide. The combine was 11 feet 8 inches wide and 19 feet and 9 inches long.

6. Pictures were taken at the scene of the accident, but at the time the pictures were made the combine had been moved from the position it was in following the accident.

No actual contact occurred between the combine and Coulter's car. There was ample room on Coulter's right-hand side of the highway for him to have passed Richmond's tractor and combine without colliding with same had he not been driving at an excessive rate of speed.

## Conclusions of Law

I. The defendant Richmond was negligent in operating the tractor and combine with the left rear wheel of the tractor across the center line on its driver's left of the highway. It was his duty to operate the tractor on its driver's right of the center of the highway, so as to provide one-half of the highway to the driver's left of the center line for passage of the Pontiac automobile. KRS 189.300.

II. It was the duty of the driver of the Pontiac car, Coulter, to operate his vehicle at a reasonable rate of speed so as to have regard for the safety and convenience of other vehicles upon the highway, KRS 189.290, and at no greater rate of speed than was reasonable and prudent, having regard for the traffic and condition and use of the highway. KRS 189.390.

III. Both Coulter, the driver of the Government car, and Richmond, operating the tractor and combine, were negligent.

and their negligence so combined to produce the collision and resulting damage, that neither plaintiff nor the defendant is entitled to recover anything in this action.

## Conclusion

It will therefore be the judgment of the Court that plaintiff's petition be dismissed and that it take nothing thereby, and that the defendant's counterclaim be dismissed and that he take nothing thereby.